## FISCHBACH v COOK et

Ohio Appeals, 1st Dist, Hamilton Co

No 3898. Decided July 6, 1931

Bates, Stewart & Skirvin, Cincinnati, for plaintiff.

Louis J. Schneider, Ironton, for defendants.

Charles Re filed an answer in which he admits the premises were sold and conveyed to him and denies generally the other allegations of the petition. He states in his defense that on September 16, 1929 the premises were conveyed to him by deed from Bertha Cook and George B. Cook; that on September 26th, 1929, at 1:51 o'clock, P. M., the deed was left for record in the office of the Recorder of Hamilton County; that said conveyance was made by George B. Cook and Bertha Cook under and by virtue of a written contract, dated December 1st, 1928, for the sum of $7250.00. That during December, 1928, he was ready, able, and willing to carry out the terms of said agreement to purchase from the defendants George B. Cook and Bertha Cook, but they were unable to convey the premises by reason of a cloud on the title; that on or about the 28th day of January, 1929, the defendant Charles Re promised the Cooks that he would take the property and perform the terms of his contract if the title to said real estate was registered; that in accordance with said promise, an action for registration of the title was commenced, and that a final decree was entered on or about the 12th day of July, 1929; that said title being registered, said contract of December 1st, 1928 was performed by the execution of the deed and the payment of the purchase money.

Re further states in his answer that the plaintiff at the time alleged to be the date of his contract knew of the terms and conditions of said contract to purchase between him and George B. Cook and Bertha Cook; that the plaintiff knowing of the said contractual relation between George B. Cook, Bertha Cook and this defendant, nevertheless sought to procure a breach of this defendant's contract and did procure a contract to purchase said premises from Bertha and George B. Cook for the sum of $7500.00, and asked that the petition be dismissed.

Augusta Re answered admitting the conveyance to Charles Re, and stated that she had no interest other than by way of inchoate dower.

It would serve no purpose to quote from the evidence adduced in the case. It is sufficient to say that the evidence adduced sustains the allegations of the answer of Charles Re. His contract to purchase was in existence at the time the plaintiff secured a contract and plaintiff knew of the existence and terms thereof. He proceeded on the theory that the lapse of time between the execution of the contract between the Cooks and Re had invalidated and voided Re's contract. There was ample reason for the delay and the cause was not that of Re's, but was caused by the time taken to register the title. Re's contract was on record prior to that of the plaintiff. Even admitting that there was some unnecessary delay that would be a matter between Cook and Re. The Cooks waived any question of time and carried out the contract by executing the deed, giving a clear, legal title to Re. This being true, how could the plaintiff have any relief against Re?

There was no privity of contract between Re and Fischbach. Neither were there any legal relations created by contract or law. Under the facts a court of equity will not cancel the deed to Re, and we find it to be a good and valid deed, and he is entitled to the premises. Plaintiff Fischbach would be required to secure any rights that he might have in the premises, if any, by way of an action for damages against George B. Cook and Bertha Cook. His relief is not in equity.

A decree will be entered finding the equities in favor of Charles Re and Augusta Re, and the plaintiff's petition will be dismissed.

ROSS, PJ and CUSHING, J, concur.